IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JAMELL MEEKS, | 2:06-cv-01509-RCT |
| Petitioner, | |
| vs. | |
| D. NEVEN, et al., | |
| Respondents. | ORDER DENYING PETITIONER'S REQUESTS FOR DISCOVERY AND JUDICIAL NOTICE |
| _____/ | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed a request for discovery on July 11, 2007. This Court denied that request on May 21, 2009, for failure to show good cause, but granted Petitioner leave to file an amended discovery request. Now pending before this Court is Petitioner's amended discovery request, filed on June 19, 2009. Respondents filed an opposition to this amended discovery request on June 24, 2009.

Petitioner seeks to obtain an affidavit from witness Ana Garcia. In his original request, the only explanation offered by Petitioner for the desired discovery was a report prepared by public defender investigator Angelica Freeland. This report summarizes a pretrial interview with Garcia, who was apparently staying at the same motel where Petitioner committed the physical assaults of which he was convicted, but did not herself witness the assaults. In his amended

discovery motion, Petitioner adds only that this Court may take judicial notice of the investigator's report.

Although discovery is available pursuant to Rule 6 of the Federal Rules Governing Section 2254 Cases, it is only granted at the court's discretion, and upon a showing of good cause. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *McDaniel v. U.S. Dist. Ct.*, 127 F.3d 886, 888 (9th Cir. 1997); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997). Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)) (alteration in original). Discovery will not be allowed so that the petitioner can "explore [his] case in search of its existence," looking for new constitutional claims. *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999). If good cause is shown, the extent and scope of discovery under Rule 6 are within the court's discretion. *Bracy*, 520 U.S. at 909.

The instant habeas petition is proceeding on three grounds: (1) denial of effective assistance of trial counsel based on counsel's failure to introduce into evidence the victim's letters to Petitioner and failure to make a motion to reopen the case after Petitioner indicated a desire to testify; (2) denial of the right to confront the victim at trial because Petitioner could not adequately see the victim while she was testifying; and (3) denial of the right to due process based on lack of substantial evidence in support of great bodily injury, an element of three of the counts on which Petitioner was convicted. Respondent opposes Petitioner's discovery request based on the lack of connection between the requested affidavit and the operative claims on which this action is proceeding. Respondent's argument is persuasive. Despite the Court's prompting, Petitioner has made no attempt to explain how Garcia's statements are relevant to the constitutional claims raised in this action; nor is any such connection apparent from the content of the investigator's report.

Because Petitioner has failed to demonstrate good cause, his request for discovery is DENIED.

In his amended discovery request, Petitioner also asks that this Court take judicial notice of the investigator's report.

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Petitioner correctly notes that a court may take judicial notice of state court records, *see Kasey v. Molybdenum Corp. of Am.*, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, *see Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967). However, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The investigator's report satisfies neither prong of Rule 201(b). Freeland's summary of her interview with Garcia recounts Garcia's memories of the evening when Petitioner physically assaulted the victim, and thus does not relate facts generally known within this jurisdiction. Nor can it be said that the accuracy of either Freeland's summary or Garcia's original statements cannot reasonably be questioned. Moreover, the report is irrelevant to the constitutional claims raised by Petitioner in this action. *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

Accordingly, Petitioner's request for judicial notice is also DENIED.

IT IS SO ORDERED.

DATED: this 10th day of July, 2009, at Seattle, Washington

/s/ Richard C. Tallman
UNITED STATES CIRCUIT JUDGE
Sitting by designation